UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EPI'S CANOE & KAYAK TEAM, LLC and JESSIE F. FUENTES | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § § | |
| STATE OF TEXAS; GREG ABBOTT IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS AND COMMANDER-IN-CHIEF OF THE TEXAS MILITARY DEPARTMENT; STEVE MCCRAW IN HIS OFFICIAL CAPACITY AS DIRECTOR/COLONEL OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY; THE TEXAS DEPARTMENT OF PUBLIC SAFETY; MAJOR GENERAL THOMAS SUELZER IN HIS OFFICIAL CAPACITY AS ADJUTANT GENERAL OF THE TEXAS MILITARY DEPARTMENT (AKA TEXAS NATIONAL GUARD); AND THE TEXAS MILITARY DEPARTMENT (AKA TEXAS NATIONAL GUARD) | § § § § § § § § § § § § § § § § § § | Case No. 1:23-cv-00836 -DII |
| *Defendants.* | § § | |

PLAINTIFFS' MOTION TO REMAND

**Now Come** EPI's Canoe & Kayaking Team, LLC ("EPI") and Jessie F. Fuentes ("Fuentes") (collectively, "Plaintiffs") and file this Plaintiffs' Motion to Remand, and in support thereof, would respectfully show the Court as follows:

**I.   INTRODUCTION**

1.   Plaintiffs' claims do not seek to enforce private rights under federal law nor do they seek a declaration of rights involving federal law. Based on the Plaintiffs' First Amended Petition and as outlined below, this Court lacks subject matter jurisdiction over Plaintiffs' live claims. On July 7, 2023, Plaintiffs filed suit against the Defendants for their unlawful use of the Texas Disaster Act of 1975

("Disaster Act") by Governor Greg Abbott ("Governor Abbott") to install a floating border wall in the Rio Grande near Eagle Pass. Plaintiffs alleged only Texas state law claims, which include: (1) a claim alleging a violation of the Texas Administrative Procedures Act ("Texas APA"); and (2) a Texas *ultra vires* claim against Governor Abbott for installing the buoys in the Rio Grande under Operation Lone Star ("OLS"). Plaintiffs also seek a declaration of rights under Texas law that the Defendants acted outside their delegated authority under the Disaster Act and that Governor Abbott acted without legal authority when he installed the buoys in the Rio Grande.

2. On July 14, 2023, Plaintiffs filed their verified First Amended Petition, ("Amended Petition"), asserting the same causes of action alleged in the initial petition, supplementing the facts, and augmenting the arguments. Plaintiffs further removed a reference from the Prayer regarding the 14th Amendment to the United States Constitution. In other words, the Amended Petition did not assert federal claims and did not seek relief under federal law.

3. On July 21, 2023, Plaintiffs served their Amended Petition on all Defendants. Attached as **Exhibit 1** is a true and correct copy of the Amended Petition, and attached as **Exhibits 1 (A-F)** are true and correct copies of the returns of service for each Defendant. The pleading upon which Defendants removed to this Honorable Court is not the live pleading in this Cause and was never served on Defendants. Therefore, because the Amended Petition was the only document served on Defendants and because the Amended Petition did not assert federal claims or seek relief under federal law, Defendants Notice of Removal was either filed in bad faith or due to negligence or mistake.

## II.  FACTUAL BACKGROUND

4. On or about March 6, 2021, Governor Abbott directed the Texas Department of Public Safety ("DPS") to initiate OLS. According to Governor Abbot, as of 2021, OLS has deployed over 1,000 DPS troopers and hundreds of Texas National Guard soldiers to the Texas-Mexico border. Attached hereto as **Exhibit 2** is a true and correct copy of the May 31, 2021, Proclamation ("May 2021

Proclamation"). The May 2021 Proclamation, or a variation of it, functions as rules to follow while conducting OLS, and consequently, while installing the buoys under the Disaster Act. Governor Abbott has issued the May 2021 Proclamation, or variation of it, each month from 2021 through the June 2023 Proclamation. Attached as **Exhibits 3 (A-Z)** are true and correct copies of each proclamation from 2021 through the June 2023 Proclamation.

5.     The Disaster Act is codified at Texas Government Code §418.001. Under §418.004, "disaster" is defined as follows:

> Disaster means the occurrence or imminent threat of widespread or severe damage, injury, or **loss of life or property resulting from** any natural or **man-made cause**, including fire, flood, earthquake, wind, storm, wave action, oil spill or other water contamination, volcanic activity, epidemic, air contamination, blight, drought, infestation, explosion, riot, hostile military or paramilitary action, extreme heat, cybersecurity event, other public calamity[1] requiring emergency action, or energy emergency (emphasis added).

6.     The definition of "disaster" does not include any language supporting the installation of buoys or barriers in the Rio Grande to reduce immigrants crossing the Rio Grande.

7.     The installation of a buoy system in the Rio Grande near Eagle Pass has no logical connection to the explicit or stated purpose of the Disaster Act, which is to respond to "the occurrence or imminent threat of widespread or severe damage, injury, or loss of life or property resulting from any natural or man-made cause."

### III.     PLAINTIFFS' CLAIMS (ONLY TEXAS CAUSES OF ACTION)

**A.     Texas APA.**

8.     Under the Texas APA,

> (A) a rule means a state agency statement of general applicability that:
>     (i) implements, interprets, or prescribes law or policy; or
>     (ii) describes the procedure or practice requirements of a state agency;
> (B) includes the amendment or repeal of a prior rule; and

---

[1] *Calamity*, Collins Dictionary (last visited Jul. 5, 2023), https://www.collinsdictionary.com/us/dictionary/english/calamity.

(C) does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures

TEX. GOV'T CODE § 2001.003(6).

9. "'State agency' means a state officer, board, commission, or department with statewide jurisdiction that makes rules or determines contested cases. The term includes the State Office of Administrative Hearings for the purpose of determining contested cases." TEX. GOV'T CODE §2001.003(7).

10. "The validity or applicability of a rule, including an emergency rule adopted under Section 2001.034, may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE § 2001.038(B).

11. A court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question. TEX. GOV'T CODE § 2001.038(B).

**B.     Travis County District has Exclusive Jurisdiction.**

12. "The action may be brought **only** in a Travis County district court." TEX. GOV'T CODE § 2001.038(B) (emphasis added).

13. Plaintiffs assert that Defendants violated the Texas APA when they amended the scope of OLS by unlawfully installing buoys in the Rio Grande in Eagle Pass. Plaintiffs allege that the application and use of OLS in this manner interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the Plaintiffs who operate a canoeing and kayaking business in the Rio Grande where the buoys have been installed. TEX. GOV'T CODE § 2001.038(B).

C.  **Texas *Ultra Vires* Claim.**

14. "To be cognizable, an ultra vires claim must challenge the government official's authority, not whether the government official made an incorrect decision." *Paxton v. Waller County*, 620 S.W.3d 843, 849 (Tex. App.—Amarillo 2021, pet. denied).

15. "When an official is granted discretion to interpret the law, an act is not ultra vires merely because it is erroneous; 'only when these improvident actions are **unauthorized** does an official shed the cloak of the sovereign and act ultra vires.'" *Id.* (citing *Hall v. McRaven*, 508 S.W.3d 232, 243 (Tex. 2017).

16. "A plaintiff bringing an ultra vires claim must 'allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" *Abbott v. La Joya Indep. Sch. Dist.*, No. 03-21-00428-CV, 2022 Tex. App. LEXIS 1797, 2022 WL 802751, at *9 (Tex. App.—Austin March 17, 2022, pet. filed) ("[W]e again conclude that the Governor does not possess absolute authority under the Texas Disaster Act to preempt orders issued by governmental entities and officials.").

D.  **Declaratory Judgment Actions.**

17. Plaintiffs further seek a declaration that Governor Abbott cannot use the Texas Disaster Act to install floating border barriers in the Rio Grande under the Texas Declaratory Judgment Act, codified at Chapter 37 of the Texas Civil Practice & Remedies Code, and under Texas Government Code § 2001.038(b).

IV.  **APPLICABLE LEGAL STANDARDS**

18. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003).

19.     "[A] state claim may be removed to federal court in only two circumstances--when Congress expressly so provides, such as in the Price-Anderson Act, supra, at *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 156 L. Ed. 2d, at 7, 123 S. Ct. 2058 (2003) or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.*

20.     Generally, if a federal law does not provide a private cause of action, a state-law cause of action based on its violation does not raise a federal question. *Merrell Dow Pharms v. Thompson*, 478 U.S. 804, 813 (1986).

### V.     ANALYSIS

21.     Plaintiffs are challenging the Defendants' use of the Texas Disaster Act to install a floating border barrier in the Rio Grande in the vicinity of Eagle Pass.

22.     Federal law does not provide a cause of action for Plaintiffs to attack the use of the Texas Disaster Act, as outlined in the Amended Petition. See Exhibit 1.

23.     In the Amended Petition, Plaintiffs removed any reference to the 14th Amendment or to the United States Constitution.

24.     Plaintiffs are not seeking to enforce federal law.

25.     Plaintiffs are seeking to stop Governor Abbott's *ultra vires* acts under Texas law.

26.     Defendants' *ultra vires* acts are clearly shown by their warped interpretation of the Disaster Act to manufacture authority to install buoys in the Rio Grande. Moreover, Plaintiffs seek a declaration that the Defendants cannot rely on the Disaster Act to erect a floating border barrier in the Rio Grande due to a disagreement with the federal government on border policy.

27.     In short, Plaintiffs seek the following declarations that do not raise a federal question:

- Plaintiffs seek a declaration that installation of the proposed buoys in Eagle Pass is an *ultra vires* act, and that Defendants should be permanently enjoined from installing said buoys and other border barriers at or near the U.S.-Mexico border and/or the Rio Grande.

- Plaintiffs seek a declaration that Governor Abbott committed an *ultra vires* act when he relied on the Disaster Act to install buoys in the international waters of the Rio Grande, which are exclusively governed by the International Boundary and Water Commission ("IBWC") and the 1944 Treaty, to stop migration from Mexico.

- Plaintiffs seek a declaration that Governor Abbott committed an *ultra vires* act when he relied on the Disaster Act to install buoys in international waters, which are exclusively governed by the IBWC and the 1944 Treaty knowing that the Rio Grande was not within the disaster area or the jurisdiction of the Disaster Act.

- Plaintiffs seek a declaration that Governor Abbott committed an *ultra vires* act when he illegally relied on the Disaster Act to install buoys in international waters exclusively governed by the IBWC and in violation of the 1944 Treaty to prevent people from Mexico and other Latin American countries from entering the state of Texas in violation of Article I, Sec. 3a of the Texas Constitution, which prohibits the use of the Disaster Act to target individuals based on their national origin.

- Plaintiffs seek a declaration that OLS and the installations of the proposed buoys in Eagle Pass as part of OLS are subject to an invalid rule or rules promulgated through the proclamation(s) and announcement(s) made by Defendants collectively referred to as OLS and said rule(s) or its threatened application interferes with, impairs, or threatens to interfere with or impair, a legal right or privilege of Plaintiffs.

- Plaintiffs seek a declaration that OLS and the installation of the buoys in Eagle Pass as part of OLS are a series of rules that are arbitrary and capricious because the Defendants are preempted by federal law and cannot operate OLS and/or install buoys in Eagle Pass.

- Plaintiffs seek a declaration from this Court that OLS and the installations of the buoys in Eagle Pass as part of OLS are a series of rules that are arbitrary and capricious because the Disaster Act does not provide Defendants any authority to enact OLS and/or install buoys in Eagle Pass.

## VI. CONCLUSION

28. Under Texas law, Plaintiffs have the right to bring a Texas APA and Texas *ultra vires* claim to permanently enjoin Defendants from erecting more floating border barriers and to remove the buoys already installed in the Rio Grande in Eagle Pass. Therefore, this Court lacks subject matter jurisdiction over Plaintiffs' state claims against the Defendants.

29. Alternatively, Plaintiffs seek a preliminary injunction issued against the Defendants in this Cause.

        WHITWORTH CIGARROA PLLC
        602 E. Calton Rd., Suite 201
        Laredo, Texas 78041
        Telephone: (956) 727-4441
        Facsimile: (956) 727-2696

By: */s/ Carlos E. Flores*
   Carlos Evaristo Flores (Attorney-in-Charge)
   State Bar No. 24050606
   Federal ID No. 940935
   E-mail: cflores@wctexlaw.com
   Natalie Shanel Lewis
   State Bar No. 24108870
   Federal ID No. 3711343
   E-mail: nlewis@wctexlaw.com

and

DE ANDA LAW FIRM
Ricardo E. DeAnda
State Bar No. 05689500
Federal ID No. 20-2029531
deandalaw@gmail.com
212 Flores Ave.
Laredo, Texas 78040
Telephone: (956) 726-0038

*Attorneys for EPI's Canoe and Kayak Team, LLC, and Jessie F. Fuentes*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on the 26th day of July, 2023, he electronically submitted a true and correct copy of the foregoing with the Court via the CM/ECF system, which will serve a copy on all counsel of record.

<u>Counsel for State Defendants</u>:
DAVID BRYANT
Special Counsel
Texas Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, MC-009
Austin, Texas 78711-2548
Telephone: (512) 936-2266
david.bryant@aog.texas.gov
munera.al-fuhaid@oag.texas.gov

ANGELA COLMENERO, Provisional Attorney General
First Assistant Attorney General
BRENT WEBSTER
First Assistant Attorney General
GRANT DORFMAN
Deputy First Assistant Attorney General
RALPH MOLINA
Deputy Attorney General for Legal Strategy
LEIF A. OLSON
Chief, Special Litigation Division

                                                          */s/ Carlos E. Flores*
                                                          CARLOS E. FLORES